Richard N. Groves, Attorney at Law     State Bar # 4014
**Law Office of Richard Groves**
4045 E. Union Hills Drive, Suite 126
Phoenix, Arizona 85050
Telephone: (602) 230-0995 Fax (602) 569-9354
email: azconsumerlaw@cox.net

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## PHOENIX DIVISION

| | |
|---|---|
| **Victoria Wenzel,** an individual ) | |
| ) | |
| Plaintiffs ) | **CV07-** |
| ) | |
| vs. ) | **VERIFIED** |
| ) | **CIVIL COMPLAINT** |
| **Credigy Service Corp,** a corporation; ) | |
| **Credigy Receivables, Inc.,** a corporation; ) | |
| **Steve Stewart,** an individual; **Brett M.** ) | **(Assigned to Honorable** |
| **Samsky,** an individual ) | **)** |
| Defendant(s) ) | |

## INTRODUCTION

The United States Congress has found abundant evidence of the use of abusive, deceptive and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, *15 U.S.C. § 1692* et. seq. (hereinafter **"FDCPA"**) to eliminate such abusive debt collection practices

Plaintiff Victoria Wenzel, by and through her counsel undersigned,

Richard N. Groves, brings this proceeding to challenge the actions of Credigy Service Corp, Credigy Receivables, Inc, Steve Stewart, and Brett M. Samsky, with regard to their unlawful attempts to collect an alleged consumer debt due another, on the grounds and in the amounts set forth herein, and respectfully avers as follows:

This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiff, a consumer, institutes this action for actual damages, statutory damages, the litigation costs of this action and reasonable attorney fees against the Defendants for violations of the Fair Debt Collection Practices Act, *15 U.S.C.§1692* et.seq. (hereinafter the "**FDCPA**", with further citations to the Act to take the form " § ___," (omitting the prefatory "15 USC").

## PARTIES

1. Plaintiffs, Victoria Wenzel, is a natural person and consumer as defined by the FDCPA, *§ 1692a(3)*.

2. Defendant Credigy Receivables, Inc., (hereinafter "**CRI**"), is a cognizable legal entity formed and existing as a corporation under the laws of the State of Nevada, with offices at 3950 Johns Creek Court, Suwanee, Ga. 30024. Its registered agent and office for purposes of service is Registered Agents Legal Services, 112 N. Curry Street, Carson City, N.V. 89706.

3. Defendant CRI is engaged in the sole business of purchasing charged-off debts allegedly owed to others.

4. Defendant CRI is a debt collector as defined by the FDCPA *§ 1692a(6).* [1]

5. Defendant Credigy Services Corp (hereinafter "**CSC**") is a corporation charged under Georgia law with offices at 3950 Johns Creek Court, Suwanee, Ga. 30024, and is registered with the State of Arizona as a foreign corporation, and is licensed by the Arizona Department of Financial Institutions as a collection agency.

6. That Defendant CSC is liable for its own violations of the FDCPA, and for the violations of its agents under the doctrine of respondeat superior. See ***United States v. ACB Sales & Service, Inc.***, *590 F. Supp 561 (D. Ariz. 1984).*

7. That Defendant Steve Stewart (hereinafter "**Stewart**"), a natural person, is the President of Defendant CSC, as well as one of its corporate Directors, and as such controls, manages and directs Defendant CSC, and is individually and jointly responsible for its collection activities. Defendant Stewart is a "debt collector" as defined by the FDCPA, *§ 1692a(6).* [2]

8. That Defendant Stewart is the President of Defendant CRI, and as such controls, manages and directs Defendant CRI, and is individually and jointly responsible for its collection activities. Defendant Stewart is a "debt collector" as defined by the FDCPA, *§ 1692a(6).*

---

[1] See ***Pollice v. Nat'l Tax Funding***, *225 F. 3d 379 (3rd Cir. 2000);* ***Munoz v. Pipestone Financial***, *CV04-4142, 2005 U.S. Lexis 29381 (D. Minn. 2005);* ***Chapman v. Worldwide Asset Mgmt***, *CV04-7625, WL 818880 (N.D. Ill 2005);* ***Cirkot v. Diversified Fin. Sys.***, *839 F. Supp. 941, (D. Conn. 1993);* ***Kimber v. Fed. Fin. Corp***, *668 F. Supp. 1480 (M.D.Al. 1987)*

[2] ***United States v. ACB Sales & Serv., Inc.***, *590 F. Supp 561 (D. Ariz. 1984)* (citing ***Murphy Tugboard Co. v. Shipowners & Merchants Towboard Co., Ltd.***, *467 F. Supp 841, 832 (N.D. Cal. 1979)* aff'd sub nom, ***Murphy Tugboard Co. v. Crowley***, *658 F.2d 1256 (9th Cir. 1981),* cert. denied, *455 U.S. 1018, 72 L. Ed. 2d 135, 102 S. Ct. 1713 (1982)."*

3

9. That Defendant Brett M. Samsky (hereinafter "**Samsky**"), a natural person, is one of the Directors of Defendant CSC, and as such controls, manages and directs Defendant CSC, and is individually and jointly responsible for its collection activities. Defendant Samsky is a "debt collector" as defined by the FDCPA, *§ 1692a(6)*.[3]

10. That Defendant Samsky is one of the Directors of Defendant CRI, and as such controls, manages and directs Defendant CRI, and is individually and jointly responsible for its collection activities. Defendant Stewart is a "debt collector" as defined by the FDCPA, *§ 1692a(6)*.

## JURISDICTION AND VENUE

11. Jurisdiction is conferred on this Court by *15 U.S.C. § 1692k(d)*, and *28 U.S.C. § 1331,* as the unlawful collection activity complained of herein took place in the District of Arizona, and Defendant has purposely availed itself of the benefits of contact with citizens of this Judicial District.

12. Venue is conferred on this Court by *28 U.S.C. § 1391,* and *28 U.S.C. § 1991(b)*, because the unlawful collection activity alleged in Plaintiff's Complaint occurred in the District of Arizona.

## DEFINITIONS

13. That as defined by the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. *§ 1692a(3).*

---

[3] See ***Brink v. First Credit Resources***, 57 F. Supp. 2d 848 (Dist. Ariz.1999); ***Newman v. Checkrite Cal.***, 912 F. Supp. 1354 (E.D. Cal. 1995); ***United States v. ACB Sales & Service***, 590 F. Supp. 561 (Dist. Ariz. 1984).

14. That as defined by the FDCPA, a "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance o services which are the subject of the transactions are primarily for personal, family or household purposes. *§ 1692a(5).*

15. That as defined by the FDCPA, a "debt collector" is any person or entity who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *§ 1692a(6).*

16. That as defined by the FDCPA, a collection "communication" is the conveying of information regarding a debt directly or indirectly to any person through any medium. *§ 1692a(2).*

## JUDICIAL DETERMINATIONS

17. That violations of the FDCPA are viewed throughout the Ninth Circuit through the standard of the "least sophisticated consumer"[4]

18. That any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual out-of-pocket damages sustained, statutory damages up to $ 1000 per violator, attorneys' fees as determined by the Court and costs of this action. *§ 1692k*

19. That the FDCPA is a strict liability statute. See *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1175-76 (9th Cir. 2006).

---

[4] See *Fox v. Citicorp Credit Services, Inc.*, 15 F. 3d 1507 (9th Cir. Ariz. 1994); *Swanson v. Southern Oregon Credit Serv. Inc.*, 869 F. 2d 1222 (9th Cir. 1988) citing *Baker v. G.C. Serv. Corp.*, 667 F 2d 775 (9th Cir. 1982)

## FACTUAL ALLEGATIONS

20. On or about November 14, 2007, Defendant CSC sent a written collection communication to Plaintiff, attempting to collect a consumer debt she allegedly owed to Defendant CRI. (See copy attached hereto and incorporated herein by reference as Plaintiff's Exhibit A).

20. Pursuant to her statutory rights as provided by the FDCPA §1692g as stated in Exhibit A, on October 17, 2007, Plaintiff mailed her written dispute of the debt allegedly due by her. (See copy attached hereto and incorporated herein by reference as Plaintiff's Exhibit B).

22. On or about October 31, 2007, Defendant CRI sent a written collection communication to Plaintiff, stating in pertinent part:

"Please note that an account validation letter was previously sent to you." (See copy attached hereto and incorporated herein by reference as Plaintiff's Exhibit C.)

23. Exhibit C contains a false statement utilized in the attempt to collect a consumer debt.

24. Exhibit C violates the FDCPA *§1692e*.[5]

25. Exhibit C is a deceptive representation that would confuse the least sophisticated consumer, and violates the FDCPA *§1692e*.

26. Exhibit C includes an unfair collection demand.

26. Exhibit C violated the FDCPA *§1692f*.

---

[5] See **Forsberg v. Fidelity National Credit Services, LTD.**, *CV03-2193, 2004 U.S. Dist. LEXIS 7622 (S. Dist Cal. 2004)*.

27. That reporting a negative tradeline is a collection communication, as defined by the FDCPA.[6]

28. That despite receiving Plaintiff's Notice of Dispute, Exhibit B, Defendants have refused to note on Plaintiff's TransUnion consumer report that the negative tradeline is disputed. (See copy of the pertinent page of Plaintiff's December 20, 2007 "tri-merge" consumer report attached hereto and incorporated herein by reference as Plaintiff's Exhibit D..

29. That Defendants' refusal to note that the negative tradeline that they have reported to Plaintiff's TransUnion consumer report is a false statement utilized in the attempt to collect a consumer debt.

***30.*** **That Exhibit D violates the FDCPA *§ 1692e(8).***

31. That Exhibit C is a deceptive representation that would confuse the Least sophisticated consumer, and violates the FDCPA *§1692e*.

32. That Exhibit C is an unfair collection communication..

33. That Exhibit C violated the FDCPA *§1692f*.

34. Plaintiff alleges that at all times relevant herein, each of the Defendants were, and are now, the agent, servant, employee and/or other representative of the other Defendants, and in doing the things herein alleged,

---

[6]***Boatley v. Diem Corp.****, CIV03-0762 PHX SMM, 2004 U.S. Dist. LEXIS 5089 (D. Ariz. 2004);* ***Price v. West Capital Financial Services Corp****, CIV96-2408 PHX SMM,(D. Arizona 1996);* ***Gonzalez v. Arrow Financial Services, LLC.****, CIV 05-0171 JAH (RBB) 2005 U.S. Dist LEXIS 19712 (S.D. Cal. 2005);* ***Blanks v. Ford Motor Credit****, CV03-1331-B, U.S. Dist. LEXIS 269 (N. Dist. Texas, Dallas Div. 2005);* ***Scally v. Hilco Receivables, LLC.****, 392 F. Supp. 2d 1036 (N.D. Ill. 2005);* ***Akalwadi v. Risk Management Alternatives, Inc.****, 336 F. Supp. 2d 492 (D. Md, N. Div. 2004);* ***Sullivan v. Equifax, Inc.****, 2002 U.S. Dist. LEXIS 7884 (E.D. Penn 2002);****Perez v. Telecheck Services, Inc.****, 208 F. Supp. 2d 1153; (D. Nev 2002).*

7

were acting within the scope, purpose and authority of such agency, service, employment and/or other representative capacity with the permission, knowledge, consent and ratification of the other Defendants. Any reference hereinafter to "Defendants", without further qualification, is meant by the Plaintiff to refer to each Defendant named above

35. At no time has Plaintiff expressly, or impliedly, waived any of her rights to proceed in this action for violation of the FDCPA.

## CAUSES OF ACTION - FDCPA VIOLATIONS

36. That Plaintiff incorporates herein paragraphs 1-35 above as if fully pleaded.

37. Defendants' collection communications have violated at least the following provisions of the FDCPA:

    a). Violation of 15 U.S.C. *§1692e*

    b.) Violation of 15 U.S.C. *§1692f*

38. That upon information and belief, Defendants' collection efforts have resulted in additional violations of the FDCPA.

39. The foregoing acts and omissions were undertaken by Defendants intentionally, willfully, and/or in gross or reckless disregard of the rights of Plaintiff, and as part of their persistent and routine practice of debt collection.
40

40. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiffs for a declaratory judgment that their conduct violated the FDCPA, actual out-of-pocket damages, statutory damages, and attorney fees and

costs in accordance with *§ 1692k.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered in her favor and against each Defendant individually, for:

    a. An Order of this Court that Defendants have violated the FDCPA;

    b. Actual our-of-pocket damages in an amount to be proven at trial, pursuant to *15 U.S.C. § 1692k(a)(1);*

    c. Statutory damages of $1,000, pursuant to *15 U.S.C. § 1692k(a)(2)(A),*

    d. Costs of this litigation, and reasonable attorney's fees at the rate of $ 350 per hour for hours reasonably expended by Plaintiffs' attorney, pursuant to *15 U.S.C. § 1692k(a)(3),* the "private attorney general" doctrine.

    d. Such other relief as the Court may be just and proper.

RESPECTFULLY SUBMITTED this 31st day of December, 2007.

                                            s /Richard N. Groves
                                            Richard N. Groves
                                            Attorney for Plaintiff